JgPER CURIAM.
Facts and Procedural History
Sherill Paul Puryear died testate on March 16, 2000. Mary Geraldine Bridgman Puryear is the widow of Sherill Paul Puryear. Prior to his death, decedent and his widow were living under a community property regime. Decedent’s will provides a particular legacy to his widow. See La. Civ.Code art. 1587. Specifically:
I leave, will, devise and bequeath to Mary all of my right, title, and interest in and to the real estate and improvements which currently constitutes our marital home located at 10001 Wood-ridge Street — Denham Springs, Louisiana 70726, including all household items, household furnishings, and my personal belongings....
*898 The home was mortgaged to Standard Mortgage Corporation and insured for fire, theft, and other casualty by ACE American Insurance Company. Although the policy of insurance was never made part of the record, it is not disputed that decedent and his widow are named insureds; Standard Mortgage is the beneficiary of the policy, and decedent and his widow are residual beneficiaries.
On December 7, 2000, the marital home was completely destroyed by fire. Thereafter, the widow submitted a claim to ACE American Insurance Company. On January 31, 2001, the company issued a check made payable to “GERALDINE PUR-YEAR AND THE ESTATE OF SHE-RILL PURYEAR AND STANDARD MORTGAGE CORP.” On May 21, 2001, the widow filed a rule to show cause why she should not be named as the recipient of all of the insurance proceeds.
Katherine Puryear Brousseau is the daughter of decedent, the executrix of decedent’s will, and the stepdaughter of the widow. Brousseau, in her capacity as executrix of the estate of Sherill Paul Pur-year, answered the widow’s rule alleging that after satisfaction of the existing mortgage one half of the net insurance proceeds, representing the decedent’s share of the community property, should be available for payment of debts of the estate. The district court disagreed, and the July 2, 2001 judgment provides in pertinent part:
IT IS ORDERED that Mary Geraldine Puryear is entitled to the proceeds of any fire insurance policy on said property and the proceeds are to be disbursed to Mary Geraldine Puryear and the mortgage company according to the terms of the policy, (excised material omitted)
| sIt is from this judgment that Brous-seau seeks supervisory writs. Brousseau requested a stay of the trial court’s judgment pending resolution of this writ. On August 9, 2001, this court issued the following order:
REQUEST FOR STAY GRANTED WITH ORDER. We hereby stay disbursement of the fire insurance proceeds to Mary Geraldine Puryear pending further orders of this Court. This stay is in no way intended to prevent the immediate disbursement of the insurance proceeds to the mortgage company.
On September 10, 2001, this court granted certiorari to determine whether a particular legatee or the decedent’s estate is entitled to the insurance proceeds paid due to the postmortem destruction of the bequeathed property.
Discussion
The widow is the owner of a one-half interest in the community property. As a named insured and a residual beneficiary under the insurance policy, the widow clearly is entitled to one-half of the insurance proceeds remaining after satisfaction of the mortgage. At issue is whether, as a particular legatee, she is entitled to the net insurance proceeds attributable to the decedent’s share of the community home, hereafter referred to as the net proceeds.
The executrix alleges that under the clear language of the Louisiana Civil Code the estate is entitled to the net proceeds of the insurance policy. We agree. Although a particular legacy must be discharged in preference to all others, payment of estate debts must precede payment of legacies. See La. Civ. Code arts. 1600 and 1601. In order to pay estate debts, a succession representative, the executrix, may sell succession property. See La.Code Civ.P. art. 3261. This authority to sell includes authority to sell household goods. See La.Code Civ.P. art. 3287.
*899 Immediately at the death of a decedent, a particular successor, herein the widow, acquires ownership of the things bequeathed to her. La.Civ.Code art. 935. However, acceptance of the succession, whether formal or informal, obligates the successor to pay debts of the estate in accordance with law. See La.Civ.Code art. 961. “Estate debts are debts of the decedent and administration expenses.” La.Civ. Code art. 1415. “Administrative expenses are obligations incurred in the collection, preservation, management, and distribution of the estate of the decedent.” Id.
| ¿The widow’s acceptance of the succession property was subject to the payment of estate debts. The postmortem destruction of the succession property does not eradicate this legal obligation. The decedent’s estate is entitled to share in that portion of the insurance proceeds representing the decedent’s interest in the former community property to the extent allowed by law.
Conclusion
The July 2, 2001 judgment is reversed, and judgment is entered in favor of Katherine Puryear Brousseau, in her capacity as Executrix of the Estate of Sherill Paul Puryear. This matter is remanded to district court for further proceedings consistent with this court’s order.
STAY LIFTED. WRIT OF CERTIO-RARI RECALLED. WRIT GRANTED AND MADE PEREMPTORY. REVERSED AND REMANDED.